

# JULIEN MIRER & SINGLA, PLLC

ATTORNEYS AT LAW
1 WHITEHALL ST., 16TH FLOOR
NEW YORK, NEW YORK 10038

JEANNE MIRER      TELEPHONE: (212) 231-2235      RIA JULIEN
RETU SINGLA      FACSIMILE: (212) 409-8338

September 9, 2022

***Via ECF and Email:*** Failla_NYSDChambers@nysd.uscourts.gov
Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, NY 1007

         Re:     *Michelle Francis v. New York City Department of Education et al.*
                      Civil Action No.: 21-cv-07747 (KPF)

Dear Judge Failla:

This office represents Plaintiff, Michelle Francis, in the above-entitled case. We write in opposition to the request made by Assistant Corporation Counsel, Angela Wanslow on September 6, 2022 for a pre-motion conference. We believe there is no basis for motion practice at this stage under Fed. R. Civ. P. 12(c). Further, Plaintiff maintains her position that the medical records regarding the physical injuries Plaintiff suffered in the car accident are not relevant to this case.

Defendants have characterized the claims in this case however has failed to mention that Plaintiff alleges that the sexual harassment, she suffered as well as the ongoing retaliation she suffered first from Defendant Gonzalez and then from Defendant Bornkamp and others created a hostile working environment for her. The retaliatory hostile work environment continued until she was subjected to charges under 3020a of the Education Law and taken from the classroom.

**Reasons Why A 12 (c) Motion is Not Supported in Fact or Law**

     **A.   This Court Has Jurisdiction Over All of Plaintiff's Claims Against the NYCDOE Under Title VII.**

There is no question that this Court has jurisdiction over the Federal claims against the New York City Department of Education (NYCDOE) under Title VII of the Civil Rights Act of 1964. This is based on both the cross filing of Plaintiff's State Division of Human Rights (SDHR) Charge with the Equal Employment Opportunity Commission, (EEOC) in November 2018, and the

1

separate filing with the EEOC in April of 2021 after the 3020a charges were implemented. The instant lawsuit was filed after Plaintiff dismissed her claim at the SDHR after a probable cause finding but before the hearing in order to file in Federal Court. She requested right to sue letters on the cross-filed charge 2018 charge as well as the new charge in April of 2021. She filed within the time required under the original 2018 right to sue letter.

### B. Plaintiff Filed Timely Notices of Claim Against the NYCDOE Defendant to support her claims under the State and City Human Rights Laws.

#### 1. State And City Claims Against the NYCDOE

In addition to the SDHR and EEOC filings Plaintiff filed notices of claim, alleging continuing violations regarding the sexual harassment she suffered from Gonzalez, and the hostile work environment resulting from the harassment and the retaliation against her for reporting the harassment. These notices of claim properly alleged continuing violations of her rights. Continuing violations may be stated in Notices of Claim. *See, Bray v New York City Dept. of Educ.,* 2018 N.Y. Misc. LEXIS 1605\* (2018) where the Court held that the continuing violations doctrine applies to notices of claim alleging discriminatory hostile work environment and those claims such as sexual harassment. *See also*, *Diaz v. N.Y.C. Dep't of Ed.*, 2020 NY Slip Op 30341(U), ¶¶ 12-13 (Sup. Ct.) where the Court reiterated that a notice of claim for such claims as hostile work environment which alleged ongoing practices at least one of which was in the three-month period prior to the notice of claim would be considered timely. Further, Plaintiff after filing her claims sat for a 50-h deposition in which she expounded on her claims.

To the extent Defendant's claim that the case against the NYCDOE was not timely under Education Law 3813 (2-b), this cannot be the case as the statute of limitations for the NYSHRL (and NYCHRL) claims are tolled during the time period plaintiff's administrative claim was pending. See *Celmer v. Livingston Int'l, Inc.,* No. 12-CV-00539, 2013 U.S. Dist. LEXIS 34183, at \*4 (W.D.N.Y. Mar. 12, 2013). Plaintiff's claims were pending at the EEOC from the time that she filed her SDHR/EEOC charge in November of 2018 until she was able to act on the right to sue letter and file this case.

#### 2. State And City Claims Against the Individual Defendants

The first argument made by Defendants is that claims against the individual defendants are not cognizable under Title VII of the Civil Rights Act. Plaintiff acknowledges this. However, Plaintiff may bring claims against the individual Defendants who aided or abetted or took part in the discriminatory and/or retaliatory actions under the State and City Human Rights Laws. Defendants are wrong to the extent that they claim Plaintiff was required to file notices of claim against these individuals. The clear language of Education Law § 3813 (1) which requires notices of claim for cases against school districts is limited to "officers" and does not reach "supervisory or administrative staff". The NYHRL and NYCHRL claims against the individual Defendants Bornkamp, Civitano and Gonzalez are brought against them in their individual capacities for their discriminatory and retaliatory actions against Plaintiff.

Under Education Law § 3813 no notices of claim are required as to principals, or other supervisory staff as they are not considered "officers". See *Richards v. Calvet*, No. 99-CV-12172-RJH-MHD, 2005 WL 743251, at *12-13 (S.D.N.Y. Mar. 31, 2005); (concluding that a school principal was not an "officer" within the meaning of § 3813(1) of the New York Education Law); *Carlson v. Geneva City School District*, 679F. Supp 2d 355 (W.D.N.Y 2010); *Bacchus v. N.Y. City Dep't of Educ.*, 137 F. Supp. 3d 214, 234 (E.D.N.Y. 2015). See also *McDonough v. New York City Dep't of Educ.*, 2018 U.S. Dist. LEXIS 166967, *24, 2018 WL 4636834; *Benedith v. Malverne Union Free Sch. Dist.*, 38 F. Supp. 3d 286, 312 (E.D.N.Y. 2014); See *Caputo v. Copiague Union Free Sch. Dist.*, 15-cv-5292 (DRH), 218 F. Supp. 3d 186, 2016 U.S. Dist. LEXIS 153243, 2016 WL 6581865 (E.D.N.Y. Nov. 4, 2016)).

While claims against teachers or other supervisory staff do require notices of claim such notices are only required for torts, and not claims other than torts. See *Peterson v. New York City Dep't of Educ.*, 2020 U.S. Dist. LEXIS 88964, *27, 2020 WL 2559835 (holding "Educ. Law § 3813(2) is narrower than § 3813(1) 'in that it only applies to claims founded upon tort,' but it is broader than § 3813(2) 'in that it is not limited to claims against school districts and their officers.

Under controlling state court law applicable to the federal court's determination of the pendent claims against the individual Defendants, the Court of Appeals held in *Margerum v. City of Buffalo, 24 N.Y.3d 721, 730* (N.Y. 2015) "Human rights claims are not tort actions under 50-e and are not personal injury, wrongful death, or damage to personal property claims under 50-i." *See also Matter of Amorosi v. South Colonie Ind. Cent. School Dist., 9 N.Y.3d 367, 372 (N.Y. 2007) (*holding NYSHRL claim are not subject to notice provision of Education Law 3813(2) or GML 50-e as discrimination claims are not torts within the meaning of those statutes.)

### C. The Sexual Harassment of Plaintiff by Gonzalez in 2014 Should not be Dismissed on a 12(c) Motion.

Defendants seek to dismiss as untimely the allegation in Plaintiff's complaint that on one occasion in 2014, Defendant Gonzalez came up behind Plaintiff and pressed his erect penis into her leg. (Compl para 54). This incident occurred during the dinner break on the night of parent teacher conferences. Mr. Gonzalez told Plaintiff he had extra food delivered and asked Plaintiff if she wanted some. Plaintiff agreed and went into his classroom to get the food. As she was bending over to fill her plate Mr. Gonzalez came up behind her and pressed his erect penis into her leg. Plaintiff immediately left the room. She did not interact with Mr. Gonzalez alone or directly until they were co-teachers in the fall of 2017 when he began to sexually harass Plaintiff on a daily basis until November of 2017 when in response to her demanding he stop, he and later Defendant Bornkamp retaliated against Plaintiff for protesting this sexual harassment.

While it is true that the 2014 incident occurred more than three years before Plaintiff was assigned to the same class with Defendant Gonzalez, Plaintiff submits that his action in 2014 was not a discrete act but turned out to be beginning of a later continuing pattern of sexual harassment he engaged in when he next had the opportunity to be working directly or alone with Plaintiff. Even assuming, arguendo, the 2014 act of Defendant Gonzalez pressing Plaintiff's leg with his erect penis is not considered part of a continuing violation, the evidence of this occurring can be considered relevant background evidence to the events in 2017. See, *Perez v. Consol. Edison*

*Order Corp.*, 2008 U.S. Dist. LEXIS 4594, at *3-4 (S.D.N.Y. Jan. 23, 2008) where the Court stated: "The Second Circuit has held that evidence relating to claims that fall outside the statute of limitations period is properly considered as "background evidence" when it supports a causal link between an adverse employment action and protected activity that is the subject of a timely claim." Similarly, this event may be considered as "background evidence" to Plaintiff's sexual harassment claims, if not considered part of the alleged continuing violation Plaintiff has alleged.

Based on the foregoing there is no basis for a FRCP 12 (c) motion to be filed making a pre-motion conference as well as the proposed motion practice unnecessary.

### D. Request for an Informal Discovery Conference Pursuant to Local Rule 37.2

Defendants other than Gonzalez seek medical authorizations for treatment Plaintiff received after she was hit by a car in 2021 after she was removed from the classroom due to the 3020a charges. Plaintiff has provided HIPAA releases for her two primary care physicians who have treated her over the years and for her therapist. While counsel mentioned the accident in the conference with the Court, it was not meant to imply that Plaintiff believed the physical injuries she suffered were relevant any manner to the emotional distress she has suffered as a result of the allegations in this complaint.

Plaintiff has been accommodated to allow for remote reporting to the DOE due to these injuries, rather than having to report of a physical center where she is not allowed to work as a teacher. The injuries Plaintiff suffered when her car was hit were physical not emotional. There is nothing about these injuries which impact the emotional distress she has suffered throughout the period of Defendants' sexual harassment and retaliation which is alleged in this complaint. Plaintiff does not believe there has been a showing of any relevance to the requested medical records or any claim that the information would lead to relevant admissible evidence. and is thus a fishing expedition, for which no informal discovery conference is necessary.

For these reasons Plaintiff opposes Defendants' request from Defendants for a pre motion conference and an informal discovery conference.

                                  Respectfully Submitted,

                                  */s/ Jeanne Mirer*
                                  Jeanne Mirer

cc:      All counsel of record via ECF

The Court is in receipt of Defendants' pre-motion letter requesting a conference regarding (i) their anticipated partial motion to dismiss pursuant to Rule 12(c) and (ii) a discovery dispute regarding certain of Plaintiff's medical records (Dkt #35); and Plaintiff's letter in opposition (Dkt. #36).  The parties are hereby ORDERED to appear for a telephone conference on **October 7, 2022, at 4:30 p.m.**  The dial-in information is as follows: At 4:30 p.m., the parties shall call (888) 363-4749 and enter access code 5123533.  Please note, the conference will not be available prior to 4:30 p.m.  The Clerk of Court is directed to terminate the pending motion at docket number 35.

Dated:	September 12, 2022			SO ORDERED.
	New York, New York

					HON. KATHERINE POLK FAILLA
					UNITED STATES DISTRICT JUDGE