UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X

MICHELLE FRANCIS,

                                Plaintiff,

                          v.

NEW YORK CITY DEPARTMENT OF
EDUCATION, KATHELEEN BORNKAMP,
JAMES GONZALES, and DANIELLE CIVITANO.

                                Defendants.
------------------------------------------------------------------ X

**STIPULATION AND PROTECTIVE ORDER**

No. 21-cv-7747 (KPF)

        **WHEREAS**, Plaintiff seeks certain documents and information from the Defendants New York City Department of Education ("DOE"), Katheleen Bornkamp ("Bornkamp", and Danielle Civitano ("Civitano") (collectively "City Defendants") and/or Defendant Gonzalez which the City Defendants and Defendant Gonzalez deem to be confidential ("Confidential Materials"); and

        **WHEREAS**, the City Defendants seek certain documents and information from the Plaintiff and/or Defendant Gonzalez which Plaintiff and Defendant Gonzalez deem to be confidential ("Confidential Materials"); and

        **WHEREAS**, Defendant Gonzalez seeks certain documents and information from the Plaintiff and/or the City Defendants which Plaintiff and the City Defendants deem to be confidential ("Confidential Materials"); and

        **WHEREAS**, Plaintiff, the City Defendants, and Defendant Gonzalez (hereafter the "Parties") would each object to the production of those documents and information unless appropriate protection for their confidentiality is assured.

**IT IS THEREFORE AGREED BY AND BETWEEN THE PARTIES AND ORDERED THAT:**

1. As used herein, "Confidential Materials" shall mean all responses or documents provided to Plaintiff's counsel by the City Defendants' that are marked confidential or that are concerning current or former employees of the DOE, applicants for employment with the DOE, or current or former students of the DOE, which are contained in the personnel, time and attendance, labor relations, DOE Office of Equal Opportunity & Diversity Management ("OEO"), Office of Special Investigations ("OSI"), DOE Administrative Trials Unit ("ATU"), or medical files of the City Defendants, and the information contained therein, except that such documents and information shall not be deemed "Confidential Materials" to the extent, and only to the extent, that they are (a) obtained by Plaintiff from sources other than City Defendants or Defendant Gonzalez or their representatives or agents; (b) obtained by City Defendants from sources other than Plaintiff or Defendant Gonzalez or their representatives or agents; (c) obtained by Defendant Gonzalez from sources other than Plaintiff or City Defendants or their representatives or agents; or (c) are otherwise publicly available.

2. Neither the parties nor their attorneys shall use the Confidential Materials for any purpose other than for the preparation or presentation of their case in this action and/or any appeal thereof.

3. Neither the Parties nor their attorneys shall disclose the Confidential Materials to any person except under the following conditions:

   a. Disclosure may be made only if necessary to the preparation or presentation of the parties' respective defense or prosecution in this action.

      b. Disclosure before trial may be made only to an expert who has been retained or specially employed by the disclosing party in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court.

      c. Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), the disclosing party shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent shall be retained by the disclosing party and a copy shall be furnished to any party's attorneys upon their request.

    4. Deposition testimony concerning any Confidential Materials that reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits which contain Confidential Materials referred to therein, shall be separately bound, with a cover page prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

    5. If any paper which incorporates Confidential Materials or reveals the contents thereof is filed in this Court, the parties hereto may apply to the Court to seal those portions of the papers. Upon obtaining leave of the Court to file documents under seal, the Confidential Materials will be filed in accordance with the Court's procedures for e-filing sealed documents in civil cases.

6. However, where the confidential information contained in a document is not material to issues addressed in Court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of parties or non-parties, the parties may file redacted documents without further order of the Court, provided they are in compliance with the assigned judge's individual rules of practice in civil cases.

7. Within thirty (30) days after the termination of this case, including any appeals, the Confidential Materials, including all copies, notes, and other materials containing or referring to information derived therefrom, shall be destroyed by the parties.

8. Nothing in this Stipulation and Protective Order shall be construed to limit the parties' use of the Confidential Materials produced by the producing party in motion practice or during trial in the course of this proceeding.

9. A facsimile or electronic signature on this Stipulation and Protective Order shall have the same effect as an original signature.

Dated:   New York, New York
         November 28, 2022

**SO ORDERED:**

Dated: December 22, 2022　　　　　　　　　　　Hon. Katherine Polk Failla
       New York, New York　　　　　　　　　　　United States District Judge

*This protective order does not bind the Court or any of its personnel. The Court will retain jurisdiction over the terms and conditions of this Order only for the pendency of this litigation. Any party wishing to make redacted or sealed submissions shall comply with Rule 6(A) of this Court's Individual Rules of Civil Procedure.*

**EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order entered in the United States District Court for the Southern District of New York, on _____, 2022 in the action entitled *New York City Department Of Education et al.*, Docket No. 21-cv-7746 (KPF), or has been advised of its provisions or contents, and understands the terms thereof.  The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in testimony taken in this case.

_____          _____
              Date                                                                           Signature

                                                                              _____
                                                                                            Print Name

                                                                              _____
                                                                                            Occupation